```
                     UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                  )
UNITED STATES OF AMERICA,         )
                                  )
     v.                           )     CR. No. 10-116 S
                                  )
LUIS A. GUZMAN,                   )
                                  )
          Defendant.              )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Luis A. Guzman has filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") (ECF No. 54) pursuant to 28 U.S.C. § 2255.  For the reasons stated below, the Motion to Vacate is DENIED and DISMISSED.

I.  Background

On August 25, 2011, Defendant pleaded guilty to an indictment charging him with: conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1) and (b)(1)(B) (Count 1); and attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a) and (b)(1)(B) (Count 2).

On March 20, 2012, the Court imposed the mandatory minimum sentence of sixty months incarceration to be followed by four years of supervised release as well as a $200 special

assessment. Judgment of conviction was entered on March 20, 2012.

On June 21, 2012, Defendant filed the instant Motion to Vacate. In his Motion to Vacate, Defendant in essence asserts two grounds for relief. First, Defendant argues that he was provided with ineffective assistance of counsel at sentencing for several reasons: counsel failed to argue for 18 U.S.C. § 3553(f) safety valve consideration; counsel failed to move for a sentencing adjustment based on Defendant's "substantial assistance"; and counsel failed to object to prosecutorial misconduct or to raise sentencing errors such as minor role. Second, Defendant argues that his sentence was unreasonable.

II. Discussion

    A. Relief under 28 U.S.C. § 2255

The grounds justifying relief under 28 U.S.C. § 2255[1] are limited to instances when the court finds a lack of

---

[1] Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

jurisdiction, a constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 185 (1979) ("[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks and citation omitted)). Moreover, a motion under § 2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982).

B. Ineffective Assistance of Counsel

Defendant's claims of ineffective assistance of counsel are meritless. In order to succeed on an ineffective assistance of counsel claim, Defendant must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); see also Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Strickland, 466 U.S. at 688, 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Both of the above two prongs are difficult obstacles for a defendant to overcome. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Since it is often tempting for a defendant to second-guess counsel's assistance, courts must be highly deferential when assessing counsel's performance for reasonableness. Id.

Even if a defendant can successfully prove that counsel acted unreasonably, he must still prove that counsel's unreasonable performance was prejudicial. Id. at 691-92. A defendant must do more than merely show that the errors of counsel had "some conceivable effect on the outcome of the proceeding." Id. at 693. A defendant must affirmatively prove that he was prejudiced by counsel's unreasonable assistance. Id.

Here, Defendant first contends that counsel failed "to raise the fact that the government failed to comply with the agreement of the safety valve under § 3553(f) and thus, deneying [sic] Petitioner's downward departure." (Mot. 5.) Title 18 U.S.C. § 3553(f), the safety valve provision, limits the application of statutory minimum sentences for offenses under 21 U.S.C. §§ 841 and 846 if certain conditions are met. The first condition is that "the defendant does not have more than 1 criminal history point, as determined under the sentencing

guidelines." 18 U.S.C. § 3553(f)(1). As the Presentence Investigation Report ("PSR") indicates, Defendant had four criminal history points. (PSR ¶¶ 30-33.) For this reason alone, Defendant was not eligible for the safety valve provision and could not escape the statutory minimum sentence.

Second, Defendant argues that his counsel failed to move for a downward sentencing adjustment based on his "substantial assistance." This claim is completely unfounded. Both defense counsel and the government filed extensive briefs on the issue prior to sentencing. (ECF Nos. 47 and 52, respectively.)

Moreover, the Supreme Court has held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86 (1992). When a defendant claims that an unconstitutional motive animated the government's failure to file a substantial-assistance motion, "the government must satisfy a modest burden of production." United States v. Mulero-Algarin, 535 F.3d 34, 39 (1st Cir. 2008). "This is solely a burden of production, not a burden of persuasion." Id.

Defendant's argument is unsuccessful under the above legal framework. Defendant never alleged or provided evidence indicating an unconstitutional motive controlling the government's failure to file a substantial-assistance motion.

However, even if Defendant did allege an unconstitutional motive, his claim would fail because the government satisfied its "modest burden of production." In its pre-sentencing memorandum, the government stated that Defendant's assistance was limited and came too late. Defendant did not provide the government with any new information that could be used in other prosecutions. (Gov't. Obj. 6, ECF No. 60.) In sum, the government declined to file a substantial-assistance motion because Defendant did not in fact help the government prosecute other defendants.

Third, Defendant claims that "Counsel failed to object to Prosecutorial Misconduct and did not raise Sentencing errors, including but not limited to Mr. Guzman's minor role in the offense." (Mot. 9.) As the government correctly indicates, Defendant provides no support for the allegation of "prosecutorial misconduct." (Gov't. Obj. 6.) The Court is left to speculate on what this alleged misconduct could be.

Furthermore, Defendant's assertion that his counsel failed to address his "minor role in the offense" is completely unfounded. The PSR provides Defendant with a downward adjustment of two points for his minor role in the offense. (PSR ¶ 20.) Even if there was a guideline error, Guzman would be unable to prove that the error had any effect because he received the mandatory minimum sentence.

The Court concludes that Defendant's ineffective assistance of counsel claim is meritless. Guzman fails to satisfy any aspect of the two pronged Strickland standard.

C.  Reasonableness of Sentence

Lastly, Defendant argues that his sentence is unreasonable because the sentencing factors in 18 U.S.C. § 3553 were not considered. This argument is defective for two reasons. First, Guzman was sentenced to the mandatory minimum sentence of sixty months, which was ten months under the low end of the applicable guideline range. Since Guzman received the most lenient sentence allowed by 21 U.S.C. § 841(b)(1)(B), it is impossible to classify his sentence as unreasonable.

Second, Guzman could have challenged the reasonableness of his sentence in a direct appeal. The First Circuit has held that a defendant cannot use a federal habeas proceeding to argue new legal issues that were not raised at trial or on direct appeal "unless the defendant can show cause for the failure and actual prejudice." Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994). Since Guzman failed to raise the issue of reasonableness at trial or on direct appeal and provided no reason for his failure, his ability to raise the issue is waived.

Because Guzman received the mandatory minimum sentence of sixty months and failed to file a direct appeal regarding his

sentence, the Court concludes that his sentence was not unreasonable.

III. Conclusion

Defendant fails to meet the Strickland standard because he provides no evidence that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different.  Defendant's claim that his sentence is unreasonable is rejected primarily because he received the mandatory minimum sentence.  For the foregoing reasons the instant Motion to Vacate is hereby DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability ("COA") because Guzman has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Guzman is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: July 29, 2013